IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion Wade Frye, ) | Case No.: 5:24-cv-1893-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| The South Carolina Department of ) | |
| Corrections; Director Bryan Sterling; ) | |
| Kenneth Nelson; Randy Ward; Franklin ) | |
| Miller; Contraband Correctional Officer ) | |
| DeGroff; Correctional Officer Maddox; ) | |
| Department of Mental Health/Behavioral ) | |
| Health Services; Sholanda Jackson; Mental ) | |
| Health Officer Hughes; Qualified Mental ) | |
| Health Personnel Thomas; Qualified Mental ) | |
| Health Personnel Fouty; Qualified Mental ) | |
| Health Personnel Tolsen; Bruce Lobitz; ) | |
| Viola Thorton; Nurse Massey; Nurse Harris; ) | |
| South Carolina Department of Labor, ) | |
| Licensing, and Regulation; The State Board ) | |
| of Medical Examiners; Board Executive ) | |
| Jessica Beise; Prisma Health Hospital, ) | |
| individually and officially; Image Care LLC; ) | |
| The South Carolina Department of ) | |
| Corrections Department of Mental ) | |
| Health/Behavior Health Services Office; The ) | |
| South Carolina Department of Corrections ) | |
| Department of Medical Services Director; ) | |
| Office of General Counsel; Prisma Health ) | |
| Hospital Sergeon, Servants, License ) | |
| Physicians, and Employees John Does 1 – 5; ) | |
| and Image Care LLC Radiologist, License ) | |
| Physicians, Employees, Servants, John Does ) | |
| 1 – 5, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 30), made in

1

accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Marion Wade Frye's ("Plaintiff" or "Frye") pleadings.[1]

### A. Background

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary, taken as true from the Complaint.

Frye, proceeding *pro se*, sued Defendants the South Carolina Department of Corrections et al. ("Defendants") under 42 U.S.C. Section 1983, alleging Defendants violated several of his constitutional rights.[2] (DE 17.) Plaintiff says that on October 11, 2022, he had septoplasty surgery at Prisma Health Hospital while he was in the care, custody, and control of the SCDC. (DE 17 at 15.) Plaintiff claims a wireless medical device was implanted during his surgery. (*Id.*) Plaintiff contends this device utilizes artificial intelligence and machine learning/deep learning technology to search and seize the information stored in his mind. (*Id.*) Plaintiff alleges that public officials shared his

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On May 3, 2024, the Magistrate Judge issued an order notifying Plaintiff his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. (DE 10.) The order further advised Plaintiff he had until May 17, 2024, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. (*Id.*) Plaintiff filed an Amended Complaint on May 20, 2024. (DE 17.)

> personal information, thoughts, silent evoked utterances and intimate images, by coupling brain wave activity, with pattern recognition algorithms as neural decoders to an implanted medical device, to a brain-computer interface system that picks up signals from the wireless medical device, and shared among other individuals, as specific thoughts, silent evoked utterances, and recalled memories cross my train of thought.

(*Id.* at 12–13.) Plaintiff claims he can hear public officials and inmates conversing about the "distinct details" when he has a train of thought or when a thought crosses his mind although these individuals should not know this information. (*Id.* at 13.) Plaintiff contends that someone with political power and influence continues to order and allow officials to torment Plaintiff and is risking Plaintiff's safety by allowing state and local officials to share this information with other prisoners. (*Id.*) Plaintiff says these same officials have denied his request to be placed in protective custody. (*Id.*)

Plaintiff also claimed that the officials were trying to cover up a medical malpractice lawsuit because after this medical device became lodged in his right side, the administration began to torture him and revealed the truth after a long period. (*Id.*) Plaintiff says the people controlling the medical device are sending pain sensations to certain parts of his body and are laughing about causing him pain. (*Id.*) Plaintiff claims the operation of this device is also causing him psychological injury and mental anguish. (*Id.* at 14.)

Plaintiff has also filed these motions: Motion for Copies at No Expense (DE 15), Motion for Assistance re Proper Form Order and Notice, Motion for Extension of Time to file response/reply to Proper Form Order (DE 16), Motion to Change Venue (DE 19

and 24), Motion for Protection Order (DE 23), Motion for Extension of Time, Motion for Copies (DE 25), and Motion to Appoint Counsel (DE 26).

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on June 18, 2024, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report said,

> A federal court lacks subject matter jurisdiction over an "obviously frivolous complaint." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid pro se case); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting a federal court lacks subject matter jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'").

(DE 30 at 4.) That said, the Report recommended dismissing Plaintiff's Complaint because "Plaintiff's Amended Complaint fails to correct the deficiencies, and like the original Complaint, fails to state a claim upon which relief can be granted." (DE 30 at 5.) The Report also recommends denying Plaintiff's pending motions (DE 15, 16, 19, 23, 25, and 26) as moot because "the granting of any of the listed motions would not change the recommendations . . . ." (DE 30 at 5.) On July 8, 2024, Plaintiff objected to the Report. (DE 34.)

4

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff makes thirteen objections to the Report, which the Court will address in turn. Objections 1 and 2 question the Report's "Conclusion and Recommendation" that this "action be dismissed without leave for further amendment." (DE 34 at 1.) Plaintiff appears to suggest that he has unanswered outstanding requests to SCDC staff (and others). This objection does not refute or address the Report's findings or conclusions. The objection is, therefore, overruled.

Objections 3, 4, 5, and 10 involve Plaintiff's motions to appoint counsel (DE 26) and a protective order (DE 23). Plaintiff contends, among other things, that he "has a 10th Grade Level of Education and GED." (DE 34 at 4.) The Report ably found that

5

granting Plaintiff's motions, including appointment of counsel, would not change the recommendation.

> Whether to appoint counsel for indigent plaintiffs in civil cases falls within the discretion of district courts. However, it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. Whether such circumstances exist depends on the type and complexity of the case, and the abilities of the individuals bringing it. Courts should appoint counsel [i]f it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it.

*Riddick v. Barber*, 109 F.4th 639 (4th Cir. 2024) (internal citations and quotations omitted.) Plaintiff has shown he has a basic understanding of the rules of procedure, but his factual claims, whether drafted by counsel or not, lack plausibility. Accordingly, given the facts here, exceptional circumstances do not exist. Thus, Plaintiff's objections are overruled.

Objections 6, 7, 8, 9, 11, 12, and 13 involve matters that do not address the plausibility of the allegations in Plaintiff's amended complaint. Therefore, these objections are overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 30) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims are dismissed without leave for further amendment.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 12, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.